JESSE SBAIH & ASSOCIATES, LTD.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 896-2529
Fax   (702) 896-0529
jsbaih@sbaihlaw.com
iolevic@sbaihlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN HOCKAR, SPECTRUM PAINTING & DESIGN, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN DOE, a fictitious Defendant a.k.a. KILLER REVIEWER whose identity is not verified; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive, <br><br> Defendants. | **COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES** <br><br> **&** <br><br> **DEMAND FOR JURY TRIAL** |

COME NOW, Plaintiffs Kevin Hockar and Spectrum Painting & Design, LLC, by and through their attorneys of record, Jesse Sbaih & Associates, Ltd., and hereby complain, aver and allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this matter, involving diversity, is governed in accordance with 28 U.S.C. § 1332. Plaintiffs are residents of Nevada. Plaintiffs are informed and believe that Defendant John Doe, a fictitious Defendant a.k.a. Killer Reviewer, whose true identity remains elusive, resides at some location outside the State of Nevada.

2. This matter involves claims exceeding $75,000.00 in value and seeks redress for serious damaging effects on Plaintiffs' reputation stemming from defamatory posting on the internet which falsely and maliciously accuses Plaintiffs of dishonesty.

3. The effects giving rise to this claim occur and continue to occur in the State of Nevada and within the District of Nevada where Plaintiffs maintain their citizenship.

**PARTIES**

4. At all times relevant herein, Plaintiff Kevin Hockar ("Mr. Hockar") was a resident of the County of Clark, State of Nevada.

5. At all times relevant herein, Spectrum Painting & Design, LLC ("Spectrum") was organized as a limited liability company under the laws of the State of Nevada.

6. Based on information and belief, Defendant John Doe, a fictitious Defendant a.k.a. Killer Reviewer ("Killer Reviewer"), whose true identity remains elusive, resides at some location outside the State of Nevada.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Doe Defendants I through X, are unknown to Plaintiffs who, therefore, sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the defendants designated as a Doe Defendant is responsible in some manner for the events and happenings described herein. As such, Plaintiffs will seek leave of the Court to amend this Complaint to insert the true names and capacities of said defendants as they become identified and known to Plaintiffs.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of Doe Defendants I through X, are unknown to Plaintiffs who, therefore, sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the defendants designated as a Roe Defendant is responsible in some manner for the events and happenings described herein. As such, Plaintiffs will seek leave of the Court to amend this Complaint to insert the true names and capacities of said defendants as they become identified and known to Plaintiffs.

## II.

## AUTHORITY OF PARTNERSHIP DEFENDANTS, AGENTS, SERVANTS, EMPLOYEES, AND REPRESENTATIVES

9. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that such Defendants' officers, agents, servants, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with full authorization or ratification of such Defendant or was done in the normal and routine course and scope of business, or with the actual, apparent and/or implied authority of such Defendants' officers, agents, servants, employees, or representatives. Specifically, Defendants are liable for the actions of their officers, agents, servants, employees, and representatives.

## GENERAL ALLEGATIONS

10. Mr. Hockar has been a well-respected businessman in the Las Vegas community for over 22 years.

11. Mr. Hockar is a managing member of Spectrum Painting & Design, LLC., a small business engaged in painting of homes and commercial properties.

12. Since its inception in 2011, Spectrum has maintained an unblemished record with the Better Business Bureau and has never had a single complaint related to the quality of its work or honesty of Mr. Hockar or any of its employees.

13. Thanks to Spectrum's unblemished business record and reputation for the quality of its work, Spectrum was placed on the referral list of Home Depot.

14. When a small business is on the Home Depot referral list, it has priority in being retained for various jobs by the Home Depot and/or its customers. It is a coveted and a lucrative position for a small business.

15. While Spectrum was on the Home Depot referral list, it would make anywhere between $5,000.00-$6,000.00 per month as a result of being on the list.

16. Several months ago, Mr. Hockar noticed a significant drop in his business and complete absence of jobs from the Home Depot.

17. When Mr. Hockar contacted the Home Depot, he was advised that Spectrum was removed from the preferred list due to negative comments regarding him and Spectrum on the internet.

18. Upon research Mr. Hockar discovered two negative comments about him - one on the Better Business Bureau ("BBB") website which was posted on January 31, 2015, and the second one posted on www.rippoffreport.com ("the Ripoff Report"), also posted on January 31, 2015.

19. Mr. Hockar immediately contacted the BBB and after explaining that he has no idea why there is a negative comment about him and Spectrum, Mr. Hockar was provided with the following information for the negative post: "reviews from David Allender, david@boxzero.com (zip code: 98831)."

20. Upon research, Mr. Hockar discovered that zip code 98831 is located in the state of Washington.

21. Mr. Hockar contacted the purported BBB poster several times using the email provided by the BBB, but had received no response.

22. Since neither Mr. Hockar nor Spectrum had ever had any dealings with a David Allender, anyone with email address david@boxzero.com or anyone with 98831 zip code, and there was no response to Mr. Hockar's email, BBB swiftly removed the subject review from its website.

23. The second negative post, which is the subject of this lawsuit, was also posted on January 31, 2015 by Defendant Killer Reviewer on www.rippoffreport.com. The post is as follows:

> Spectrum Painting and Design Complete Liar and Cheat, Won't Honor His Contracts or Promises, Run Away!!! Las Vegas Nevada.  Kevin Hockar of Spectrum Painting in Las Vegas is a liar and a cheat.  Do not trust him with so much as a penny that you are not willing to lose.  This slimy piece of s*** doesn't honor his word or contracts.

24. Upon discovering the subject post, Mr. Hockar posted a rebuttal explaining that he never cheated anyone, never had any complaints by his customers and inviting Defendant Killer Reviewer to describe how Mr. Hockar/Spectrum lied and cheated.

25. Up to date, Mr. Hockar received no response to his rebuttal on the Rippoff Report.

26. Based on the fact that the BBB post and the Rippoff Report post were done on the same day and are similar in content, Mr. Hockar believes they could be done by the same individual.

27. Up to date, when someone searches for Spectrum Painting and Design on Google, the Rippoff Report post remains prominently displayed.

28. Up to date, due to continued presence of the above post by Defendant Killer Reviewer on the Rippoff Report, Spectrum has not been placed back on the Home Depot referral list.

29. Up to date, due to continued presence of the above report by Defendant Killer Reviewer on the Rippoff Report, Plaintiffs continue to lose revenue.

## FIRST CLAIM FOR RELIEF

(Defamation Per Se)

30. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Killer Reviewer's actions and conduct as described above constitute defamation, in that he/she made false statements regarding Plaintiffs.

32. The false statements made by Defendant Killer Reviewer are, among others, that Plaintiffs are liars, cheaters, do not honor their word, contract or promises.

33. By posting on the Rippoff Report, Defendant Killer Reviewer caused those false statements to be published to countless third parties without privilege.

34. Defendant Killer Reviewer knew or should have known that the statements made were false, and was willful, reckless, and intentional in his actions and conduct in making them.

35. As a direct and proximate result of Defendant Killer Reviewer's defamatory statements, Plaintiffs have sustained actual or presumed damages to be determined at the time of trial.

36. As a further direct and proximate result of Defendant Killer Reviewer's defamatory statements, Plaintiffs had to retain the services of an attorney to file this action. Therefore, Plaintiffs are entitled to an award of reasonable attorney's fees and costs of suit.

///

## SECOND CLAIM FOR RELIEF

(Trade Libel)

37. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. Defendant Killer Reviewer made false or misleading statements to Plaintiffs' prospective and/or existing customers.

39. These false or misleading statements were material, in that they misrepresented the business, background, and quality of Plaintiffs' enterprise and services.

40. Defendant Killer Reviewer made these false and/or misleading statements in interstate commerce in connection with services allegedly rendered by Plaintiffs.

41. As a direct and proximate result of Defendant Killer Reviewer's false and/or misleading statements, Plaintiffs have sustained actual or presumed damages to be determined at the time of trial.

42. As a further direct and proximate result of Defendant Killer Reviewer's defamatory statements, Plaintiffs had to retain the services of an attorney to file this action. Therefore, Plaintiffs are entitled to an award of reasonable attorney's fees and costs of suit.

## THIRD CLAIM FOR RELIEF

(Intentional Interference with Prospective Economic Advantage)

43. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44. Prospective contractual relationships existed between Plaintiffs and Home Depot/Home Depot's customers.

45. Defendant Killer Reviewer knew about the prospective contractual relationships between Plaintiffs and Home Depot/Home Depot's customers.

46. Defendant Killer Reviewer intended to harm Plaintiffs by preventing their relationship with Home Depot/Home Depot's customers from developing any further by making false statements about Plaintiffs.

47. No privilege or justification existed for Defendant Killer Reviewer's false statements.

48. As a result of Defendant Killer Reviewer's actions and conduct, Home Depot decided not to utilize Plaintiffs for future services.

49. As a direct and proximate result of Defendant Killer Reviewer's false statements, Plaintiffs have sustained actual or presumed damages to be determined at the time of trial.

50. As a further direct and proximate result of Defendant Killer Reviewer's false statements, Plaintiffs had to retain the services of an attorney to file this action. Therefore, Plaintiffs are entitled to an award of reasonable attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

1. General damages to be determined at the time of trial;

2. Special damages to be determined at the time of trial;

3. For punitive damages in a sum sufficient to punish the Defendant for his conduct amounting to willful, wanton and extreme defamation of Plaintiffs, willful, wanton and extreme defamation of Plaintiffs' product and services, and Defendant's willful, wanton and extreme interference Plaintiffs' prospective economic advantages.

4. Costs of suit incurred herein;

5. Reasonable attorney's fees; and

6. Such other and further relief as the Court may deem just and proper in the premises.

DATED this 19th of November, 2015.

JESSE SBAIH & ASSOCIATES, LTD.

By    __/s/ Ines Olevic-Saleh_____
Ines Olevic-Saleh (#11431)
The District at Green Valley
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiffs*

**PLAINTIFFS' DEMAND FOR JURY TRIAL**

Plaintiffs, by and through the law firm of Jesse Sbaih & Associates, Ltd., hereby demand a jury trial of all issues in the above-captioned matter.

DATED this 19th of November, 2015.

                                                                   JESSE SBAIH & ASSOCIATES, LTD.

                                         By     __/s/ Ines Olevic-Saleh_____
                                                      Ines Olevic-Saleh (#11431)
                                                        The District at Green Valley
                                                        170 South Green Valley Parkway, Suite 280
                                                        Henderson, Nevada 89012
                                                           *Attorneys for Plaintiffs*